IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:24-CT-3086-M-RJ

MARK ERIC ICKER, )
 )
        Plaintiff, )
 )
v. ) ORDER
 )
G. GRIMALDO, et al., )
 )
        Defendants. )

Plaintiff, a federal inmate proceeding pro se, commenced the instant civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Pursuant to 28 U.S.C. § 1915(e)(2)(B), this matter is before the court for initial review of plaintiff's complaint. Also before the court are plaintiff's motions for declaratory judgment and preliminary injunction [D.E. 2], and to appoint counsel [D.E. 6].

The court first considers plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Here, as evidenced by plaintiff's filings in this

matter, he has failed to demonstrate that exceptional circumstances justify appointment of counsel. Accordingly, the motion is denied.

The court next addresses plaintiff's motion for declaratory judgment and preliminary judgment.[1] Plaintiff requests that the Public Safety Factor ("PSF") of "sex offender" and assignment of Adam Walsh Act offense be removed, and his custody classification be reduced. (Mot. for Decl. J. & Prelim. Inj. [D.E. 2] at 1).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (applying same standards for a TRO and a preliminary injunction). The Supreme Court has rejected the "standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Plaintiff lacks a constitutional right to a specific custody classification. See O'Bar v. Pinion, 953 F.2d 74, 82–84 (4th Cir. 1991). Furthermore, plaintiff has not demonstrated a likelihood that he will succeed on the merits of his underlying complaint. Nor has he established that an injunction is in the public interest. See Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir.

---

[1] Plaintiff's motion is unsigned. However, the court accepts the filing. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed." (internal quotation marks omitted)).

2

1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons."). Accordingly, plaintiff's requests are denied.

Where, as provided below, plaintiff is directed to file an amended complaint particularizing his claims, the court also declines to issue a declaratory judgment. See A.L. Mechling Barge Lines, Inc. v. United States, 368 U.S. 324, 331 (1961) ("Declaratory judgment is a remedy committed to judicial discretion."); White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 913 F.2d 165, 167–68 (4th Cir. 1990).

The court now conducts its initial review of plaintiff's complaint. When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A pro se plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions

3

or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

In Bivens, the Supreme Court "'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" Iqbal, 556 U.S. at 675 (citation omitted); see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001) ("The purpose of Bivens is to deter individual federal officers from committing constitutional violations."). To state a cognizable Bivens claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978).

Plaintiff challenges his PSF classification of "sex offender," and seeks to have his security classification reduced. (Compl. [D.E. 1] at 4–5). Plaintiff fails to connect individual defendants to specific behavior and injuries, and thus, he fails to satisfy notice pleading requirements, see Fed. R. Civ. P. 8; Iqbal, 556 U.S. at 676, or give any such defendant fair notice of his claims or the factual basis upon which they rest, Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).

Accordingly, the court directs plaintiff to file one particularized complaint naming the party or parties responsible for his alleged deprivations, the injury stemming from the party or parties' actions or inactions, and the alleged facts to support his claim. Plaintiff should briefly mention specific events and correlating dates which are the basis for suit and must connect defendants with the purported constitutional violations. The amended complaint shall not include any claims unrelated to the original complaint. Additionally, the court will consider the amended complaint as the complaint in its entirety and will not consider previous filings. Any particularized complaint will be subject to initial review, and the court will determine if severance is appropriate.

See Fed. R. Civ. P. 18(a), 20(a)(2). Failure to comply with this order as directed may result in dismissal of the action.

## CONCLUSION

Based on the foregoing, plaintiff's motions for declaratory judgment and preliminary injunction [D.E. 2], and to appoint counsel [D.E. 6] are DENIED. Plaintiff is DIRECTED to file one amended complaint within **21 days** of entry of this order as instructed above. The clerk is DIRECTED to send plaintiff the form prisoner civil rights complaint. Should plaintiff fail to respond to this order, the clerk is DIRECTED, without further order of the court, to terminate any pending motions as moot and enter judgment dismissing this action without prejudice for failure to prosecute and failure to respond to a court order.

SO ORDERED, this the 18th day of September, 2024.

*Richard E. Myers II*
RICHARD E. MYERS II
Chief United States District Judge