IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CT-3086-M-RJ

| | | |
|---|---|---|
| MARK ERIC ICKER, | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| G. GRIMALDO, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a federal inmate proceeding pro se, commenced the instant civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). On September 18, 2024, the court directed plaintiff to file an amended complaint particularizing his claims. Plaintiff filed his amended complaint on May 21, 2025. [D.E. 16]. Pursuant to 28 U.S.C. § 1915(e)(2)(B), this matter is before the court for initial review of plaintiff's amended complaint.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A pro se plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

In Bivens, the Supreme Court "'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" Iqbal, 556 U.S. at 675 (citation omitted); see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001) ("The purpose of Bivens is to deter individual federal officers from committing constitutional violations."). To state a cognizable Bivens claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep' t of Soc. Servs., 436 U.S. 658, 691–92 (1978).

Plaintiff challenges his Public Safety Factor ("PSF") classification of "sex offender," and seeks to have his security classification reduced. (Am. Compl. [D.E. 16] at 5; Attach. [D.E. 16-2] at 1–2). The court cannot extend the Bivens remedy to plaintiff's claim.

In Bivens, the Supreme Court recognized an implied cause of action for damages against federal officers where the officers searched a residence and arrested the plaintiff without a warrant or probable cause, and used excessive force. 403 U.S. 388, 397 (1971). Since Bivens was decided in 1971, the Supreme Court has authorized a damages remedy against federal officers for constitutional violations in only two additional contexts: 1) a Fifth Amendment equal protection claim alleging gender discrimination in congressional employment, see Davis v. Passman, 442

2

U.S. 228 (1979); and 2) an Eighth Amendment claim by a federal prisoner alleging prison officials were deliberately indifferent to his serious medical needs by failing to treat his asthma, see Carlson v. Green, 446 U.S. 14 (1980). See also Earle v. Shreves, 990 F.3d 774, 778 (4th Cir. 2021). The Court, however, "has declined to countenance Bivens actions in any additional context." See Tun-Cos v. Perrotte, 922 F.3d 514, 521 (4th Cir. 2019) (collecting cases). And extending Bivens beyond these three contexts has become a "disfavored" judicial action. See Ziglar v. Abbasi, 582 U.S. 120, 135 (2017). Indeed, "the Supreme Court [has] all but closed the door on Bivens [actions]" that do not correspond to one of the three prior cases. Dyer v. Smith, 56 F.4th 271, 277 (4th Cir. 2022).

In order to determine whether a Bivens claim is authorized, the court employs "a highly restrictive two-step analysis." Bulger v. Hurwitz, 62 F.4th 127, 137 (4th Cir. 2023). First, the court considers whether the claim falls within one of the three previously recognized Bivens contexts – Bivens, Davis, or Carlson – or "whether it arises in a new context or involves a new category of defendants." Id. at 137. The claim arises in a new context if it is "different in a meaningful way from previous Bivens cases decided by [the] Court." Ziglar, 582 U.S. at 139. If the claim does not "fall precisely under Bivens, Davis, or Carlson," then the court proceeds to the second step, which asks whether "any special factors . . . counsel hesitation about granting [an] extension of Bivens." Tate v. Harmon, 54 F.4th 839, 844–45 (4th Cir. 2022).

Here, plaintiff presents a new context where he alleges he should not have a PSF classification of "sex offender," and his security classification should be lowered. Such a claim has unique differences from the circumstances presented in Bivens, Carlson, and Davis. See

3

Bulger, 62 F.4th at 139 (concluding "lower courts should not interpret [Bivens, Carlson, or Davis] outside of the precise context at issue" in those cases).

Regarding the special factors analysis, the court considers primarily "whether there is any reason to think Congress might be better equipped to create a damages remedy." Egbert v. Boule, 596 U.S. 482, 492 (2022). Here, there is a "rational reason" for the court instead to defer to Congress for creation of a damages remedy in this case, and the court declines to extend the Bivens remedy. See Ziglar, 582 U.S. at 140, 147 (noting, extension of the Bivens remedy "is a decision for the Congress to make, not the courts," and "even a modest [Bivens] extension is still an extension").

Furthermore, a prisoner has no constitutional right to a specific custody classification. See Meachum v. Fano, 427 U.S. 215, 225 (1976) (noting custody classification is in the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts"); O'Bar v. Pinion, 953 F.2d 74, 83–85 (4th Cir. 1991); see also Pham v. Saad, No. 5:16cv176, 2018 WL 3148237, at *15 (N.D.W. Va. Jan. 24, 2018) ("An inmate does not have a constitutional right to be placed in a specific security classification, and custodial classifications do not create a major disruption in a prisoner's environment.")

## CONCLUSION

Based on the foregoing, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(2). The clerk is DIRECTED to close this case.

SO ORDERED, this the 22d day of July, 2025.

*Richard E. Myers II*
RICHARD E. MYERS II
Chief United States District Judge